PER CURIAM.
This is a disciplinary proceeding against respondents as authorized by Section 1, Article XI, Integration Rule of the Florida Bar. A motion to quash and for summary judgment was overruled and the cause pro■ceeded to the appointment and taking of testimony by the Referee. We are now confronted with a second motion to quash and dismiss on the part of both respondents. It appears that the latter motion in the Murrell case was filed after the evidence was taken by the Referee, but before his report to the Board of Governors was submitted to them. None of the evidence in "the Evans case has been taken.
The second motions to quash are different from the first motions to quash only in one aspect and that has reference to the activities of certain casualty companies in securing the affidavits on which the disciplinary proceedings were predicated. The Court has reached the conclusion that the present motions to quash are ill timed and 'that orderly procedure requires that they be -overruled but without prejudice to raise the point on final hearing if respondents so de■sire, it appearing that the point has not before been presented or ruled on.
It is accordingly, ordered, adjudged and decreed that the present motion to quash as to each respondent, be overruled but without prejudice to ■ raise the point on final hearing if they may be so advised.
It is so ordered.
ROBERTS, C. J., TERRELL, HOBSON and DREW, JJ., and PARKS and HOLT, Associate Justices, concur. ■